

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Travis Hill**
Partner

T / 212.940.3131
F / 212.940.3111
thill@nixonpeabody.com

November 18, 2022

VIA ECF

Judge Pamela K. Chen
United States District Judge
Eastern District of New York
Courtroom: 4F | Chambers: N 631
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *The Fortune Society, Inc. v. iAfford NY, LLC*
          Case No. 1:22-cv-06584-PKC-SJB

Dear Judge Chen:

      The law firm of Nixon Peabody LLP represents iAfford NY, LLC ("iAfford NY" or "Defendant") in the above referenced action ("Action"). We write pursuant to Rule 3 of Your Honor's Individual Practices and Rules to request leave to move to dismiss the Complaint of Plaintiff The Fortune Society, Inc. ("Plaintiff") pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of standing and failure to state a claim, or for a pre-motion conference regarding the same.

      iAfford NY is an affordable housing marketing agency that quickly and efficiently places low-income tenants in affordable housing units across New York City. Plaintiff alleges, on the basis of one applicant's denial and three alleged statements by iAfford NY staff members, that iAfford NY maintains a policy categorically denying applicants with criminal histories. Compl. ¶¶ 5-6. Plaintiff argues that this alleged policy amounts to unlawful discrimination because it disparately impacts African American and Latinx applicants who are disproportionately represented in the criminal justice system. *Id.* ¶¶ 49, 94, 98, 102. Plaintiff claims that iAfford NY maintains the alleged policy with the intent to discriminate on the basis of race. *Id.* ¶¶ 95, 99, 102.

      iAfford NY does not discriminate against any applicant on the basis of race, color, and national origin. iAfford NY's criminal history policy is race neutral and does not impose a blanket ban. Its policy is in full compliance with New York City Housing Preservation and Development ("HPD") and Federal Department of Housing and Urban Development ("HUD") guidance and was pre-approved by HPD. The vast majority of the population served by iAfford NY are African American and Latinx, and Defendant has placed hundreds of these individuals and families in affordable units.

      In addition to the factual fictions proffered by Plaintiff, the claims alleged in the Complaint are insufficient as a matter of law. Plaintiff fails to establish organizational standing and thus its Complaint is subject to dismissal. Plaintiff also fails to state a claim under the Fair Housing Act ("FHA"), or New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL").

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

I.   Plaintiff fails to allege a sufficient injury to establish Article III standing

Plaintiff brings its claims under a theory of organizational standing. Compl. ¶ 12. However, Plaintiff fails to plead a sufficient injury, as required for standing. *See Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 639 (2d Cir. 1998). Plaintiff argues that it was injured by diverting resources to "identify, investigate and counteract iAfford's discriminatory conduct[.]" Compl. ¶ 81. However, the activities cited by Plaintiff were in the course of Plaintiff's regular activities, not responsive to the alleged discrimination, and thus non-injurious. *See Fair Hous. Justice Ctr., Inc. v. 203 Jay St. Associates, LLC*, No. 21CV1192NGGJRC, 2022 WL 3100557, at *4 (E.D.N.Y. Aug. 4, 2022) (holding initial investigation of housing discrimination insufficient to establish injury in fact where investigation was not responsive to complaint of discrimination). Plaintiff's attempts to establish organizational standing fall short, and its Complaint must be dismissed. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).

II.   Plaintiff fails to state a claim under the Fair Housing Act

Plaintiff purports to assert claims alleging both disparate treatment and disparate impact under Sections 3604(a) and (b) of the FHA. Briefly, Plaintiff also raises a claim under Section 3604(c) of the FHA. Plaintiff fails to adequately plead any of the claims asserted.

    a.   Plaintiff fails to plead an actionable disparate-treatment claim

Plaintiff fails to allege facts that plausibly indicate intentional discrimination; thus, its allegation that iAfford NY implemented and maintained its alleged policy "with the intent to discriminate" is conclusory. *See Francis v. Kings Park Manor, Inc*., 992 F.3d 67, 80 (2d Cir. 2021). Plaintiff argues that iAfford NY's discriminatory intent can be inferred from the policy's alleged disparate impact and iAfford NY's purported knowledge of relevant HUD and HPD guidance. *See* Compl. ¶¶ 72-73. This is simply an allegation of disparate impact. Without additional facts indicating discriminatory intent, a necessity for the plaintiff to move its claim across the line between "possibility and plausibility of 'entitlement to relief,'" Plaintiff fails to allege a claim for relief under a theory of disparate treatment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

    b.   Plaintiff fails to plead an actionable disparate-impact claim

Plaintiff also fails to meet its pleading burden for a disparate-impact claim as prescribed in 24 C.F.R. § 100.500(b) because it fails to allege facts demonstrating the existence of a disproportionate impact, a robust causal link between the facially neutral policy and the alleged discrimination, and a direct connection between the injury asserted and the alleged injurious conduct. *See Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 617 (2d Cir. 2016).

Plaintiff's use of national and New York State criminal justice data is insufficient to demonstrate a disproportionate impact on African American and Latinx applicants of iAfford NY marketed properties. Without providing local statistics to New York City and the relevant applicant pool or evidence of the likely relevance of generalized population data to the legally relevant subgroup, Plaintiff fails to plead that iAfford NY's alleged policy actually or predictably has a discriminatory impact. *See Mandala v. NTT Data, Inc*., 975 F.3d 202, 209 (2d Cir. 2020); *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 575 (2d Cir. 2003).

Plaintiff's allegations fail to demonstrate that any alleged disparity between racial groups was caused by any policy or practice attributable to iAfford NY. Plaintiff neither presents specific data on the

applicant pool for iAfford NY marketed properties indicating the predictability of a discriminatory result, nor evidence that iAfford NY's alleged policy has actually resulted in the exclusion of African American and Latinx individuals from affordable units. Plaintiff's only allegation of actual exclusion is a single client who was denied an affordable unit, and Plaintiff fails to specify his race. Compl. ¶¶ 5, 34-36.

For the same reason Plaintiff fails to adequately plead an injury in fact for standing purposes, Plaintiff also fails to demonstrate a direct relation between its injury and Defendant's alleged discriminatory conduct. Plaintiff has brought suit to remedy injury to itself. As such, Plaintiff cannot rely on its clients' alleged injuries to prove causation. For all these reasons, Plaintiff's disparate impact claim fails.

    c.    Plaintiff fails to plead actionable claims under FHA § 3604(c)

The Complaint additionally asserts a claim under Section 3604(c) of the FHA. However, the alleged race-neutral statements by iAfford NY staff members about its policy on applicants with criminal histories, without more, do not indicate a preference, limitation, or discrimination based on race to the ordinary person. *See Soules v. U.S. Dept. of Hous. Urban Dev.*, 967 F.2d 817, 824 (2d Cir. 1992); *c.f. Short v. Manhattan Apartment, Inc.*, 916 F.Supp.2d 375, 394 (S.D.N.Y. 2012) (holding statement by broker that landlord would not accept tenant with subsidy for disabled people living with AIDS did not indicate preference with regards to disability, but preference for source of income).

  III.  Plaintiff's state and local law claims should be dismissed

Plaintiff's claims under the NYSHRL and NYCHRL are essentially identical to the allegations of its federal claims. As such, they suffer from the same fatal pleading deficiencies and are subject to dismissal on the merits, in the interest of judicial efficiency. *See Francis*, 992 F.3d at 80 (dismissing NYSHRL claim on same grounds as FHA claim). If the Court is not inclined to dismiss the state and local law claims for failure to state a claim, it should decline to exercise supplemental jurisdiction over those claims after ordering dismissal of Plaintiff's FHA claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 353, 350 (1988).

This pre-motion letter submission is timely because Defendant was served by Plaintiff on November 1, 2022, and has until November 22, 2022, to move under Rule 12 or to answer the Complaint.

Given Plaintiff's lack of standing and failure to state viable claims as a matter of law, iAfford NY respectfully requests a pre-motion conference or leave with a briefing schedule to move for the dismissal of the Complaint with prejudice pursuant to Rule 12 of the Federal Rules of Civil Procedure.

                                  Respectfully submitted,

                                  /s/Travis Hill
                                Travis Hill

CC: all counsel of record *via* ECF.