**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE FORTUNE SOCIETY, INC., | |
| Plaintiff, | |
| v. | Civil Action No.  1:22-cv-06584-PKC-SJB |
| iAFFORD NY, LLC, | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**NIXON PEABODY LLP**

Travis Hill
Erica F. Buckley *(Admission Pending)*
Tower 46, 55 West 46th Street
New York, NY 10036-4120
Telephone: 212-940-3131
thill@nixonpeabody.com
ebuckley@nixonpeabody.com

*Attorneys for Defendant iAFFORD NY, LLC*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................... 1

ARGUMENT ......................................................................... 2

PLAINTIFF FAILS TO ALLEGE A SUFFICIENT INJURY IN FACT .................................. 2

PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FAIR HOUSING ACT ................... 4

    I.     Plaintiff Fails to Plead an Actionable Disparate-Treatment Claim ......................... 4

    II.    Plaintiff Fails to Plead Actionable Claims under FHA Section 3604(c) ................. 5

    III.   Plaintiff Fails to Plead an Actionable Disparate-Impact Claim ............................... 8

PLAINTIFF'S STATE- AND LOCAL-LAW CLAIMS SHOULD BE DISMISSED ............... 10

CONCLUSION ...................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*30 Clinton Place Owners Inc. v. City of New Rochelle*,
  No. 13 CV 3793 VB, 2014 WL 890482 (S.D.N.Y. Feb. 27, 2014)..........................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................1, 5

*Ave. 6E Invs., LLC v. City of Yuma, Ariz.*,
  818 F.3d 493 (9th Cir. 2016) ................................................................................................7

*Baker v. Med. Answering Servs., LLC*,
  No. 518CV00870BKSATB, 2019 WL 634654 (N.D.N.Y. Feb. 14, 2019)..............................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................................5

*c.f. Winfield v. City of New York*,
  No. 15CV5236-LTS-DCF, 2016 WL 6208564 (S.D.N.Y. Oct. 24, 2016) ..............................9

*Centro de la Communidad Hispana de Locust Valley v. Town of Oyster Bay*,
  868 F.3d 104 (2d Cir. 2017)...................................................................................................3

*Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*,
  369 F. Supp. 3d 362 (D.Conn.2019)......................................................................................5

*Connecticut Parents Union v. Russel-Tucker*,
  8 F.4th 167 (2d Cir. 2021) .................................................................................................2, 3

*Fair Hous. Justice Ctr., Inc. v. 203 Jay St. Associates, LLC*,
  No. 21CV1192NGGJRC, 2022 WL 3100557 (E.D.N.Y. Aug. 4, 2022)..................................2

*Fortune Society v. Sandcastle Towers Housing Development Fund Corp.*,
  388 F.Supp.3d 145 (E.D.N.Y. 2019) ..................................................................................3, 4

*Francis v. Kings Park Manor, Inc.*,
  992 F.3d 67 (2d Cir. 2021)...................................................................................................10

*Grays v. Kittredge Co Partners, LLC*,
  No. 120CV00208WJMSKC, 2021 WL 1300601 (D. Colo. Feb. 17, 2021)............................9

*Grays v. Kittredge Co. Partners*,
  LLC, No. 20-CV-0208-WJM-SKC, 2021 WL 1015984 (D. Colo. Mar. 17,
  2021) .....................................................................................................................................9

*Greater New Orleans Fair Hous. Action Ctr. v. St. Bernard Par.*,
   641 F. Supp. 2d 563 (E.D. La. 2009) ..................................................................7

*Jackson v. NYS Dep't of Lab.*,
   709 F. Supp.2d 218 (S.D.N.Y. 2010) ................................................................4

*Jackson v. Tryon Apartments, Inc.*
   No. 6:18-CV-06238 EAW, 2019 WL 331635, at *3 (W.D.N.Y. Jan. 25, 2019).....................9

*Jimenez v. Chase Bank*,
   No. 18-CV-3297 (GHW)(SN)2019 WL 919626 (S.D.N.Y. Jan. 28, 2019) .........................6, 7

*Kolari v. New York-Presbyterian Hosp.*,
   455 F.3d 118 (2d Cir. 2006) ..........................................................................10

*L.C. v. LeFrak Org., Inc.*,
   987 F. Supp. 2d 391 (S.D.N.Y. 2013) ................................................................9

*Logan v. Matveevskii*,
   175 F. Supp. 3d 209 (S.D.N.Y. 2016) ................................................................7

*Mandala v. NTT Data, Inc.*,
   975 F.3d 202 (2d Cir. 2020) ............................................................................8

*Meyer v. Bear Road Associates*,
   124 Fed.Appx. 686 (2d Cir. 2005) ....................................................................6

*Mhany Management, Inc. v. County of Nassau*,
   819 F.3d 581 (2d Cir. 2016) ............................................................................6

*Moya v. United States Department of Homeland Security*,
   975 F.3d 120 (2d Cir. 2020) ............................................................................3

*Nnebe v. Daus*,
   644 F.3d 147 (2d Cir. 2011) ............................................................................3

*Singh v. Fed'n of State Med. Boards of the U.S., Inc.*,
   No. 95 CIV. 10725 (RPP), 1997 WL 153819 (S.D.N.Y. Apr. 2, 1997) .................................5

*Soberal-Perez v. Heckler*,
   717 F.2d 36 (2d Cir. 1983) ..............................................................................5

*Soloviev v. Goldstein*,
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) ...............................................................10

*Soules v. U.S. Dept. of Hous. Urban Dev.*,
   967 F.2d 817 (2d Cir. 1992) ..........................................................................6, 7

*Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*,
    576 U.S. 519 (2015).................................................................................................8, 10

*Wards Cove Packing Co., Inc. v. Antonio*,
    490 U.S. 642 (1989)......................................................................................................8

*Warth v. Seldin*,
    422 U.S. 490 (1975)......................................................................................................4

*Wood v. Mutual Redevelopment Houses, Inc.*,
    No. 14CIV07535ATDCF, 2016 WL 11720460 (S.D.N.Y. Mar. 31, 2016) ............................6

**Statutes**

FHA.................................................................................................................................1, 10

FHA Section 3604(c) ..................................................................................................1, 6, 7

**Other Authorities**

Restatement Third of Agency § 5.03(g) ........................................................................7

## PRELIMINARY STATEMENT

Plaintiff The Fortune Society ("Plaintiff" or "Fortune") lacks standing to bring this action and its allegations are insufficient to state a claim under the Fair Housing Act ("FHA") and state and local human rights law.  Although Plaintiff attempts to fit its allegations into recognized injuries in fact to establish organizational standing, its alleged diversion of resources and frustration of mission fall short.

Substantively, Plaintiff fails to state a claim under the FHA under either a disparate treatment or disparate impact theory.  Plaintiff's allegation of discriminatory intent is conclusory.  Plaintiff's reliance on its allegation that iAfford NY had knowledge of the potential disparate impact of a blanket ban policy to establish discriminatory intent is insufficient, as intentional discrimination requires more than "'intent as awareness of consequences'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  Plaintiff's disparate impact claim is similarly deficient as it is solely supported by national and state level statistics, which Plaintiff fails to allege are representative of the legally relevant subgroup.  Additionally, Plaintiff's allegations of facially neutral statements fail to support its Section 3604(c) claim, as Plaintiff does not allege any facts suggesting that the statements indicated a racial preference.

Plaintiff attempts to distract from its facially insufficient complaint by leading with its Goldstein Affidavit argument.  However, iAfford NY does not rely upon the Goldstein Affidavit as a basis for dismissal.  The Goldstein Affidavit is included to provide the Court with a full picture of the factual background, just as Plaintiff describes who it is and what it does.[1]  It is Plaintiff's

---

[1] Plaintiff inexplicably claims that the marketing plan corroborates its allegation that iAfford NY maintains a categorical ban on justice involved applicants. Br. at 8.  Plaintiff is incorrect.  The marketing plan was approved by HPD and complied with HPD requirements at the time it was in effect.  The plan was approved for 104 Linden Boulevard prior to HPD's release of the August 2021 Marketing Handbook implementing new requirements for assessing justice involved applicants. Goldstein Aff. ¶ 13.  Upon the release of the August 2021 Marketing Handbook, iAfford adopted the new requirements, which it strictly complies with. *Id.* ¶ 15.  The Marketing Plan

failure to sufficiently plead the necessary elements of its claims within the four corners of the Complaint that necessitates dismissal.  Accordingly, this Court should dismiss the Complaint in its entirety, with prejudice.  Alternatively, this Court should dismiss Plaintiff's federal claims with prejudice and decline to exercise supplemental jurisdiction over Plaintiff's state and local claims.

## ARGUMENT

## PLAINTIFF FAILS TO ALLEGE A SUFFICIENT INJURY IN FACT

Plaintiff's allegations do not demonstrate a diversion of resources *in response* to iAfford NY's alleged discrimination sufficient to establish an injury in fact.  Only after its client's denial and attempts to appeal was Plaintiff "compelled to investigate the scope of iAfford's conduct[.]"  Compl. ¶¶ 34-37.  Thus, all actions taken prior to the August 2021 call constituted the initial discovery of the alleged discrimination. *See Fair Hous. Justice Ctr., Inc. v. 203 Jay St. Associates, LLC*, No. 21CV1192NGGJRC, 2022 WL 3100557, at *4 (E.D.N.Y. Aug. 4, 2022) (initial investigation of housing discrimination insufficient to establish injury in fact where investigation was not responsive to complaint of discrimination).  In addition, Plaintiff's efforts to "counteract" the alleged discriminatory policy, solely illustrated by its creation of an $11,000 advocacy video to "address bans like the one enforced by iAfford[,]" was not a specific action in response to the alleged discrimination, but a general response to a broad policy issue. Compl. ¶ 85; *see Connecticut Parents Union v. Russel-Tucker*, 8 F.4th 167, 175 (2d Cir. 2021) (warning that plaintiff's actions "to advance its own 'abstract social interests'" insufficient to establish injury).

The remaining allegations—a staff member's call to iAfford NY and engagement of the FHJC—do not amount to a "perceptible impairment" of Plaintiff's resources. Compl. ¶¶ 38-39;

---

does not demonstrate a categorical ban on justice involved applicants.  It takes into consideration the nature, severity, and length of time since the conviction. Goldstein Aff. ¶ 13.  The Goldstein Affidavit demonstrates that iAfford NY has never maintained a categorical ban on justice involved applicants and does not discriminate on the basis of race.

82-83; *see Nnebe v. Daus*, 644 F.3d 147, 157 (2d Cir. 2011).  Although Plaintiff attempts to cast this standard as no standard at all, case law demonstrates that, while this threshold is low, it must be met. *See Connecticut Parents Union*, 8 F.4th at 174 n.34 (claim that organizational plaintiff fielded 15 calls regarding challenged conduct fell short of resources expended in comparable cases amounting to perceptible impairment, such as hundreds of hours of phone calls); *contra Nnebe*, 644 F.3d at 157 (taxi union's resources perceptibly impaired by providing initial counseling to a few suspended drivers per year); *Moya v. United States Department of Homeland Security*, 975 F.3d 120, 129-30 (2d Cir. 2020) (perceptible impairment of plaintiff's resources where staff members spent twice the amount of time serving each disabled client as a result of challenged conduct); *Fortune Society v. Sandcastle Towers Housing Development Fund Corp.*, 388 F.Supp.3d 145, 163-64 (E.D.N.Y. 2019) (perceptible impairment where denial of housing to plaintiff's clients resulted in expenditure of funds, including hiring of employee to assist in efforts to find alternative housing, increased brokers fees and rents for alternative housing).  Plaintiff's single call to iAfford NY to inquire about its policies and the engagement of the FHJC are insufficient.

Plaintiff's attempt to establish standing on frustration of mission grounds similarly fails. Plaintiff's allegation that its efforts to place clients in external housing have been impeded by iAfford NY's alleged policy is insufficient to establish an injury in fact.  Plaintiff misapplies the standard for frustration of mission, which centers on an organization's "ability to carry out its responsibilities[,]" not the ultimate success of its efforts. *See Centro de la Communidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 110 (2d Cir. 2017) (finding sufficient injury where plaintiff's ability to engage in task central to its mission, organizing day laborers, impacted by ordinance prohibiting day laborers from congregating).  Here, Plaintiff's ability to assist its clients in securing housing has not been impacted by Defendant's alleged discriminatory policy.

Plaintiff's reliance on *Sandcastle Towers* for the proposition that impacting its ability to provide housing is a cognizable harm is misplaced. Br. at 12. *Sandcastle Towers* found an injury in fact for a diversion of resources, not a frustration of mission, and Plaintiff has failed to allege a sufficient diversion of its resources. *See* 388 F.Supp.3d 145, 163-64 (E.D.N.Y. 2019).

Accordingly, Plaintiff fails to allege an injury in fact sufficient to establish standing and its Complaint must be dismissed. *Warth v. Seldin*, 422 U.S. 490, 498-502 (1975).

## PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FAIR HOUSING ACT

### I.      Plaintiff Fails to Plead an Actionable Disparate-Treatment Claim

Plaintiff fails to allege that African American and Latinx applicants were treated differently than similarly situated applicants and that iAfford NY acted with discriminatory intent.

Plaintiff's only allegation of disparate treatment is based on the national and state statistics it cites demonstrating that African American and Latinx individuals are disproportionately represented in the criminal legal system. Compl. ¶¶ 44-56.  Plaintiff is unable to point to an instance where an African American or Latinx justice involved applicant was treated differently than a white justice involved applicant.  As Plaintiff fails to allege the race of its client, the alleged rejection of this client from an iAfford NY marketed property cannot support Plaintiff's claim for racial discrimination. *See id.* ¶¶ 5, 34-36; *Jackson v. NYS Dep't of Lab.*, 709 F. Supp.2d 218, 227 (S.D.N.Y. 2010) (dismissing disparate treatment claim where no allegation of plaintiff's race or religion is made).  Without the inference actual disparate treatment lends to a complaint, *see Baker v. Med. Answering Servs., LLC*, No. 518CV00870BKSATB, 2019 WL 634654, at *3 (N.D.N.Y. Feb. 14, 2019), Plaintiff's allegations fall short.

Plaintiff attempts to establish discriminatory intent by arguing the foreseeability of a disparate impact due to iAfford NY's alleged knowledge of HPD requirements and HUD guidance.

Compl. ¶¶ 74-75.  However, this allegation fails to raise an inference that iAfford NY chose to implement its alleged policy because of its potentially disparate impact on African American and Latinx applicants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Purposeful discrimination requires more than 'intent as volition or intent as awareness of consequences").  Awareness or knowledge of disparate impact, standing alone, is insufficient to give rise to an inference of discriminatory intent. *See Soberal-Perez v. Heckler*, 717 F.2d 36, 42 (2d Cir. 1983) ("the fact that a particular action has an adverse impact" by itself "is insufficient to establish discriminatory intent"); *30 Clinton Place Owners Inc. v. City of New Rochelle*, No. 13 CV 3793 VB, 2014 WL 890482, at *3 (S.D.N.Y. Feb. 27, 2014) (allegation of defendants' knowledge of law's disparate impact on racial minorities insufficient to plead discriminatory intent); *Singh v. Fed'n of State Med. Boards of the U.S., Inc.*, No. 95 CIV. 10725 (RPP), 1997 WL 153819, at *5 (S.D.N.Y. Apr. 2, 1997) (allegation that licensing requirement was promulgated with actual knowledge of disparate impact on immigrants insufficient to plead discriminatory intent).  Plaintiff's reliance on a non-controlling decision from a Connecticut district court for the opposite proposition is unpersuasive.[2]

Plaintiff has failed to move its disparate treatment claim across the line between "possibility and plausibility" and thus its claim must be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citations omitted).

## II.     Plaintiff Fails to Plead Actionable Claims under FHA Section 3604(c)

Plaintiff fails to allege any facts suggesting that an ordinary listener would have understood iAfford NY's staff members' alleged statements indicated a racial preference.  Plaintiff's argument

---

[2] In *Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, the court found an inference of discriminatory intent where the plaintiff alleged defendant's actual awareness of racial disparities in the criminal justice system, in addition to awareness of HUD guidance. 369 F. Supp. 3d 362 (D. Conn. 2019).  Here, Plaintiff alleges that iAfford "should" and "must" be aware of the discriminatory effect, Compl. ¶¶ 72-73, but fails to allege that iAfford NY had actual knowledge.  Even if knowledge could establish intent, here, all plaintiff offers is an inference of knowledge.

that facially neutral verbal statements, without any factual allegations that such statements indicate

a preference based on race, must survive a motion to dismiss because the "surrounding context" is

unavailable prior to discovery is unpersuasive. Br. at 23.   While courts have recognized the

challenge of assessing facially neutral statements, *see, e.g.*, *Soules v. U.S. Dept. of Hous. Urban*

*Dev.*, 967 F.2d 817, 825 (2d Cir. 1992), courts have not held that a Section 3604(c) claim is

immune from dismissal at the pleading stage, *see, e.g.*, *Wood v. Mutual Redevelopment Houses,*

*Inc.*, No. 14CIV07535ATDCF, 2016 WL 11720460, at *12 (S.D.N.Y. Mar. 31, 2016) (granting

motion to dismiss where plaintiff failed to point to statements suggesting "to an ordinary listener

that individuals who share Plaintiff's religion or familial status are restricted or disfavored from

housing opportunities"); *Jimenez v. Chase Bank*, No. 18-CV-3297 (GHW)(SN)2019 WL 919626,

at *5 (S.D.N.Y. Jan. 28, 2019) (dismissing Section 3604(c) claim where plaintiff made conclusory

allegations that facially neutral advertisements indicated preference based on race).

        The surrounding context Plaintiff refers to is only helpful when "a court is charged with

ascertaining the message sent by isolated words rather than a series of ads or an extended pattern

of conduct." *See Soules*, 967 F.2d at 825; *accord Meyer v. Bear Road Associates*, 124 Fed.Appx.

686, 689 (2d Cir. 2005) (surrounding context necessary to assess whether single statement by

landlord indicated impermissible preference against families).   By Plaintiff's own account, the

alleged statements were not isolated words, but rather, a unified statement of iAfford NY's alleged

policy. Compl. ¶¶ 6, 42, 47.   The only message conveyed to prospective tenants, according to

Plaintiff, was: "If you have *any* past convictions, you will be rejected." Compl. ¶ 42.   In fact,

Plaintiff fails to allege that its own staff member or the FHJC testers, as recipients of the alleged

statements, understood them to indicate a racial preference. *See* Compl. ¶¶ 38-42.

- 6 -

Plaintiff's attempt to characterize the alleged reference to "criminals" as a code word for race is unavailing. Br. at 24. The case law Plaintiff relies on is not in the Section 3604(c) context, but the disparate treatment context—which focuses on proof of discriminatory intent behind challenged conduct, not the message conveyed by a statement to a listener. *See Mhany Management, Inc. v. County of Nassau*, 819 F.3d 581, 609 (2d Cir. 2016) (affirming district court's finding of racial animus based on use of code words). In any event, this case law addresses the use of several code words and stereotypes to establish discriminatory intent, not the single use of the word criminal or the communication of a policy on justice involvement. *See Greater New Orleans Fair Hous. Action Ctr. v. St. Bernard Par.*, 641 F. Supp. 2d 563, 572 (E.D. La. 2009) ("references to ghetto, crime, drugs, violence" and "their 'threat' to the 'shared' values' of overwhelmingly Caucasian St. Bernard Parish" sufficient to demonstrate racial animus); *Ave. 6E Invs., LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 505 (9th Cir. 2016) (references to "large families, unattended children, parking, and crime" sufficient to demonstrate racial animus); *contra Logan v. Matveevskii*, 175 F. Supp. 3d 209, 227 (S.D.N.Y. 2016) (reference to gangs, despite racially offensive connotations, by itself insufficient to establish racial animus).

Plaintiff points to its allegations of discriminatory intent to bolster its Section 3604(c) claim. However, Plaintiff fails to sufficiently allege discriminatory intent. Br. at 24. In addition, discriminatory intent is only relevant to a Section 3604(c) inquiry where "it helps determine the manner in which a statement was made and the way an ordinary listener would have interpreted it". *Soules*, 967 F.2d at 825. As Plaintiff's sole allegation of discriminatory intent is iAfford NY's knowledge of the potential disparate impact of a blanket ban policy, which cannot be imputed to iAfford NY's employees, *see* Restatement Third of Agency § 5.03(g) ("notice of facts that a

- 7 -

principal knows or has reason to know is not imputed downward to an agent"), Plaintiff's allegations of discriminatory intent are irrelevant.

Plaintiff fails to allege statements indicating a preference based on race; thus, its Section 3604(c) claim must be dismissed. *See Jimenez*, No. 18-CV-3297 (GHW)(SN)2019 WL 919626, at *5.

### III.   Plaintiff Fails to Plead an Actionable Disparate-Impact Claim

Plaintiff fails to allege facts demonstrating the existence of a disproportionate impact on African American and Latinx applicants and that Defendant's conduct caused this alleged impact. A plaintiff "must at least set forth enough factual allegations to plausibly support each of the three basic elements of a disparate impact claim." *Mandala v. NTT Data, Inc*., 975 F.3d 202, 210 (2d Cir. 2020).  While statistics are not required to allege disparate impact, *see Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 543 (2015), "plaintiffs typically rely on statistical evidence" to "nudge a disparate impact claim across the line from conceivable to plausible[,]" *Mandala*, 975 F.3d at 209.  Plaintiff's only factual allegations of the alleged policy's disproportionate impact on African American and Latinx applicants is the statistical evidence it presents. Compl. ¶¶ 44-48.  Plaintiff even fails to plead the race of its client.  As such, his denial provides no factual support for Plaintiff's claims.  Additionally, Plaintiff's allegations regarding the racial composition of its clients are irrelevant because Plaintiff does not allege that other Fortune clients were denied housing by iAfford NY. Br. at 18.

As Plaintiff's factual allegations of disparate impact rely entirely on its statistical evidence, an assessment of the "granularity" of its statistics is appropriate.  Here, Plaintiff's exclusive use of national and state data to allege an actual or predictable discriminatory impact on African American and Latinx applicants fails to "nudge its claims across the line from conceivable to

- 8 -

plausible". *Mandala*, 975 F.3d at 209.  For national and state statistics to support a plaintiff's claim of disparate impact, a plaintiff must demonstrate why the statistics "are in fact likely to be representative" of the legally relevant subgroup of the population. *See Mandala*, 975 F.3d at 211; *accord Wards Cove Packing Co., Inc. v. Antonio*, 490 U.S. 642, 651 n.6 (1989).  Plaintiff fails to do this and incorrectly claims that it is Defendant's burden to demonstrate that the statistics presented are not representative of applicants of iAfford NY marketed properties. Br. at 16.

Although Plaintiff alleges racial disparities at the state level "mirror or exceed the national disparities[,]" it does not make the specific allegation that these racial disparities are equally representative of local New York City disparities. Compl. ¶¶ 47-48.  Plaintiff's "independent analysis[,]" which breaks down the national and state level data by AMI income levels, does not cure this deficiency. Compl. ¶¶ 52-57; *c.f. Winfield v. City of New York*, No. 15CV5236-LTS-DCF, 2016 WL 6208564, at *6 (S.D.N.Y. Oct. 24, 2016) (finding breakdown of New York City level data by relevant income levels probative of disparate impact at pleading stage); *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 402-403 (S.D.N.Y. 2013) (finding breakdown of New York City level data by HIV population and HASA subsidy recipients probative of disparate impact at pleading stage).

Plaintiff's reliance on *Jackson v. Tryon Apartments, Inc.* is misguided, as that court incorrectly stated the standard for assessing the probative value of general population data as one of relation to the challenged conduct, as opposed to the appropriate standard: likely representation of the legally relevant subgroup. *See* No. 6:18-CV-06238 EAW, 2019 WL 331635, at *3 (W.D.N.Y. Jan. 25, 2019).  In fact, other courts have found national criminal justice data insufficiently particular to be probative of disparate impact. *See, e.g.*, *Grays v. Kittredge Co Partners, LLC*, No. 120CV00208WJMSKC, 2021 WL 1300601 (D. Colo. Feb. 17, 2021), report

- 9 -

and recommendation adopted sub nom. *Grays v. Kittredge Co. Partners*, LLC, No. 20-CV-0208-WJM-SKC, 2021 WL 1015984 (D. Colo. Mar. 17, 2021) (dismissing disparate impact claim based on use of national criminal justice statistics, which "lack[ed] specificity" and amounted "to little more than a legal conclusion masquerading as a fact").

As such, Plaintiff fails to plausibly allege that Defendant's alleged policy actually or predictably results in a disparate impact on African American and Latinx applicants. *See Inclusive Cmtys.*, 576 U.S. at 543.

## PLAINTIFF'S STATE- AND LOCAL-LAW CLAIMS SHOULD BE DISMISSED

Plaintiff's state- and local-law claims should be dismissed on the same grounds warranting dismissal of the FHA claims. *See Francis v. Kings Park Manor, Inc*., 992 F.3d 67, 82 (2d Cir. 2021); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 250 (E.D.N.Y. 2015).  Alternatively, the Court could properly decline to exercise supplemental jurisdiction over them once Plaintiff's FHA claims are dismissed. *See Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118, 122 (2d Cir. 2006).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed, with prejudice.

Dated: New York, New York       NIXON PEABODY LLP
March 3, 2023

By: /s/ *Travis Hill*                          
Travis Hill
Erica F. Buckley (*Admission Pending*)

Tower 46, 55 West 46th Street
New York, NY 10166-0193
(212) 351-4000
thill@nixonpeabody.com
ebuckley@nixonpeabody.com

*Attorneys for Defendant iAFFORD NY, LLC*