# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

THE FORTUNE SOCIETY, INC.

      Plaintiff,

           v.

iAFFORD NY, LLC

      Defendant.

Civil Action No.: 1:22-cv-06584-PKC-SJB

Judge Pamela K. Chen
Magistrate Judge Sanket J. Bulsara

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO COMPEL POST-JUDGMENT DISCOVERY AND FOR SANCTIONS AGAINST COUNSEL FOR iAFFORD**

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION ................................................................................................................ 1

FACTUAL & PROCEDURAL BACKGROUND ............................................................... 2

ARGUMENT ...................................................................................................................... 7

   I.   iAfford Must Produce Financial Information ................................................... 8

      A.  Standard for Post-Judgment Discovery ........................................................ 8

      B.  Plaintiff Is Entitled to the Requested Financial Information.......................... 9

   II.   iAfford's Counsel Should Be Sanctioned ...................................................... 10

      A.  Counsel for iAfford Engaged in Bad-Faith, Vexatious Conduct ................. 11

      B.  Counsel for iAfford Defrauded Plaintiff and the Court ............................... 14

   III.   New York Law Separately Authorizes Fees for Efforts to Secure Compliance with
        Subpoenas ....................................................................................................... 15

   CONCLUSION................................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                   **Page(s)**

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ......................................................................................................... 11

*Chen v. Thai Greenleaf Rest. Corp.*,
    No. 21-CV-1382, 2022 WL 18859066 (E.D.N.Y. Dec. 22, 2022)..................................... 12

*Comverse, Inc. v. Am. Telecoms., Inc.*,
    No. 07 Civ. 11121, 2009 WL 464446, (S.D.N.Y. Feb. 24, 2009)...................................... 16

*Enmon v. Prospect Capital Corp.*,
    675 F.3d 138 (2d Cir. 2012) ................................................................................... 10, 11, 13

*Fed. Ins. Co. v. CAC of NY, Inc.*,
    No. 14-CV-4132, 2015 WL 5190850 (E.D.N.Y. Sept. 4, 2015) ......................................... 8

*First Capital Estate Invs., LLC v. SDDCO Brokerage Advisors, LLC*,
    No. 07 Civ. 11121, 2020 WL 353100 (S.D.N.Y. January 21, 2020) ................................. 15

*Fortgang v. Pereiras Architects Ubiquitous LLC*,
    No. CV163754ADSAYS, 2018 WL 1832184 (E.D.N.Y. Mar. 9, 2018) .............................. 3

*Huebner v. Midland Credit Mgmt., Ind.*,
    897 F.3d 42 (2d Cir. 2018) ......................................................................................... 11, 13

*Jones v. Milk River Cafe, LLC*,
    No. 17-CV-3120, 2022 WL 3300027 (E.D.N.Y. Aug. 11, 2022) ........................................ 9

*Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd., 327 F. Supp. 3d 673
    (S.D.N.Y. 2018)* ............................................................................................................ 14

*McMunn v. Memorial Sloan-Kettering Cancer Ctr.*,
    191 F. Supp. 2d 440 (S.D.N.Y. 2002) ............................................................................. 14

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*,
    317 F.3d 209 (2d Cir. 2003) ........................................................................................... 15

*Plaza Motors of Brooklyn, Inc. v. Rivera*,
    No. 19-CV-6336, 2021 WL 4356011 (E.D.N.Y. Sept. 24, 2021) ................................... 7, 8

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*,
    924 F. Supp. 2d 505 (S.D.N.Y. 2013) ............................................................................. 14

*Salazar v. Bahce, Inc.*,
    No. 21-CIV-5257, 2023 WL 2349589 (E.D.N.Y. Mar. 3, 2023) ..................................... 11

*Soundkillers LLC v. Young Money Ent., LLC*,
    No. 14-CV-7980, 2016 WL 4990257 (S.D.N.Y. Aug. 2, 2016) ..................................... 7, 8

*Vicedomini v. A.A. Luxury Limo Inc.*,
  No. 18-CV-7467 (LDH) (RLM), 2021 WL 620932 (E.D.N.Y. Feb. 17, 2021) .................................... 8

**Statutes**

28 U.S.C. 1961 .......................................................................................................................... 3

28 U.S.C. § 1927 ................................................................................................................... 1, 11

N.Y. C.P.L.R. § 2308(b)(1) ...................................................................................................... 15

N.Y. C.P.L.R. § 5003 ................................................................................................................. 3

N.Y. C.P.L.R. § 5222 ................................................................................................................. 4

N.Y. C.P.L.R. § 5223 ................................................................................................................. 1

N.Y. C.P.L.R. § 5224(a)(3) ........................................................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 62 ...................................................................................................................... 10

Fed. R. Civ. P. 68 ................................................................................................................... 3, 15

Fed. R. Civ. P. 69 ................................................................................................................. 1, 7, 8

Fed. R. Evid. 408 ........................................................................................................................ 3

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 69, New York Civil Practice Law and Rules (C.P.L.R.) 2308(b), 5223, and 5224(a), and 28 U.S.C. § 1927, Plaintiff and Judgment Creditor The Fortune Society, Inc. ("Plaintiff" or "Fortune") seeks immediate Court intervention to prevent Defendant iAfford NY, LLC ("Defendant" or "iAfford") from further prejudicing Plaintiff's ability to collect the judgment entered by this Court on August 15, 2023, *see* Dkt. 49, and to sanction iAfford's counsel for their profound misconduct.[1]

Although this case resolved in August 2023, the post-judgment actions of Defendant and its counsel have revealed fraudulent settlement conduct, prevented Plaintiff from collecting the monetary relief it is owed, and inflicted new harms. iAfford, through its counsel, initiated settlement conversations early in the discovery period in this case, and the parties participated in two settlement conferences with Magistrate Judge Bulsara. Following the second conference, iAfford's counsel conveyed an offer of judgment that included a $500,000 payment for damages, fees, and costs. Plaintiff accepted, and the Court entered judgment, but it quickly became apparent that iAfford did not intend to actually pay the $500,000 it offered and has indeed failed to pay any portion of it to date. iAfford has also refused to respond to post-judgment discovery, and its attorneys have made repeated empty threats of imminent bankruptcy filings to strongarm Plaintiff into abandoning its efforts at execution. This post-judgment conduct confirms what has become increasingly plain over the past six weeks of meeting and conferring on execution of judgment: iAfford and its counsel wrongly induced Plaintiff to accept an offer of judgment for

---

[1] Considering the unusual circumstances surrounding this Motion, Plaintiff is filing its motion papers before the motion has been fully briefed and requests near-term intervention to prevent further prejudice.

$500,000 despite knowing that Defendant could not pay anywhere near that amount, or perhaps anything at all.

The Court should grant Plaintiff's motion to compel because post-judgment discovery is necessary to determine what portion of the judgment Plaintiff can recover. The Court should grant Plaintiff's motion to sanction counsel for iAfford because they facilitated fraud and deployed bad-faith discovery tactics. To abide this flagrant misconduct would essentially rubberstamp it and invite others to engage in similar abuse of the judicial process.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff initiated this action in October 2022, alleging systemic discrimination by a sophisticated New York City commercial real estate company.[2] (*See generally* Dkt. 1, Complaint.) Plaintiff claimed that iAfford maintained a practice of categorically discouraging and rejecting affordable housing applicants based on their criminal histories, with the purpose and effect of discriminating against Black and Latino people. (*Id.*) Plaintiff's Complaint was based on multiple tape-recorded phone calls and an actual incident of rejection of a Fortune client, (*id.*), and the Parties' early discovery exchanges further corroborated the allegations, (*see* Dkt. 37 at 2 n.1).

The Parties briefed a Motion to Dismiss by iAfford between January and early March 2023. (*See* Dkt. 26 and attachments; Dkt. 27.) At the same time, the Parties began preliminary discovery under the supervision of Magistrate Judge Bulsara. (*See* Feb. 13, 2023 Minute Entry (setting discovery schedule).) iAfford also initiated informal settlement conversations,

---

[2] iAfford markets thousands of units at over one hundred and thirty developments across all five boroughs, and it is actively growing its footprint in the affordable housing arena. Counsel for iAfford has represented that its lease ups are rapidly growing because of recent changes to the City's housing voucher program.

suggesting a desire for early resolution of Plaintiff's claims, and the Parties participated in two settlement conferences with Judge Bulsara in June and July. (*See* May 8, 2023 Minute Order (setting conference for June 28); June 28, 2023 Minute Order (setting conference for July 18).

During the parties' settlement conversations, counsel for iAfford shared that the company was young and not especially profitable. (*See* Declaration of L. Miller ("Miller Decl."), at ¶ 10.) However, iAfford failed to produce discovery on its condition even though Plaintiff properly propounded a document request on this topic and made a good faith effort to meet and confer on the same. (*Id.*) Even at that juncture, iAfford displayed reluctance to opening its books.

At the July 18 settlement conference, iAfford made a "best and final" offer of injunctive relief and $500,000 for damages, costs, and fees, to be paid out in installments.[3] (*See* Miller Decl. at ¶ 11.) Plaintiff rejected this offer. (*Id.*) Two weeks later, counsel for iAfford, Cori Rosen[4], served an offer of judgment pursuant to Federal Rule of Civil Procedure 68 that conceded that iAfford's conduct violated the relevant laws, outlined significant prospective injunctive relief, and offered a $500,000 payment inclusive of damages, fees, and costs. (*See* Dkt. 45-1, Offer of Judgment.) There was no mention in the offer of any concerns regarding

---

[3] Settlement communications may not be disclosed to show the "the validity or amount of a disputed claim[,]" *see* Fed. R. Evid. 408, but may offered for another reason, including to show bad faith, as here, *see Fortgang v. Pereiras Architects Ubiquitous LLC*, No. CV163754ADSAYS, 2018 WL 1832184, at *4 (E.D.N.Y. Mar. 9, 2018), *report and recommendation adopted,* No. 16CV3754ADSAYS, 2018 WL 1505564 (E.D.N.Y. Mar. 27, 2018) (finding that consideration of documents was not barred by Rule 408 where the parties relied on them to decide central questions on objective reasonableness, frivolousness, and bad faith in question of whether an award of attorneys' fees was warranted).

[4] iAfford was represented by different counsel, attorneys from Nixon Peabody, for most of the litigation. After the first settlement conference and just days before the parties reconvened for the second, iAfford filed a request to substitute in Cori Rosen, Rosenberg & Estis P.C., as new counsel.

ability to satisfy the judgment, nor any mention of potential payment in installments. (*Id.*) Plaintiff accepted this offer (Dkt. 46), and the Court enter judgment accordingly, (Dkt. 49).[5]

  When counsel for Plaintiff inquired about execution of the injunctive and financial components of the judgment, Ms. Rosen said that she understood that Plaintiff did not "care" about the monetary relief, implying that Defendant may not have intended to pay at all. (*See* Miller Decl. at ¶ 17.) After Plaintiff's counsel pressed for payment, Ms. Rosen said that any payment would need to be in installments over multiple "years." (*Id.*) iAfford's counsel then sent an email stating that "The offer of judgment contained no representation or language referencing a lump sum payment of the monetary relief, nor is there any representation of collectibility [sic]." (*See* Exhibit A to Miller Decl., August Email Correspondence Between C. Rosen and L. Miller.)

  Consistent with the Federal Rules of Civil Procedure and New York law, Plaintiff served a Notice of Restraint, Document Subpoena, and Information Subpoena on September 15, the day after the automatic 30-day stay elapsed. (*See* Exhibit B to Miller Decl., Attestation of Service; Exhibit C to Miller Decl., Notice of Restraint and Subpoenas.) The subpoenas sought basic information regarding iAfford's assets, both liquid and otherwise, such as the location of iAfford's bank accounts and the amount of money contained in each. (*See* Exhibit C to Miller Decl.) Consistent with New York law, the Notice of Restraint prevented iAfford from using its assets while the judgment remained outstanding.[6] (*Id.*)

---

[5] Plaintiff is entitled to post-judgment interest. *See* 28 U.S.C. 1961; N.Y. C.P.L.R. § 5003.
[6] Pursuant to N.Y. C.P.L.R. § 5222, a Notice of Restraint remains in place "until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs."

Although there is a presumptive seven-day deadline, counsel for Plaintiff offered to extend the deadline to 14 days. (*See* Exhibit D to Miller Decl., September Email Correspondence Between C. Rosen and L. Miller.) The presumptive deadline was September 22, and the offered extension would have provided until September 29. (*Id.*) Ms. Rosen called counsel for Fortune to say Defendant would need an extension, and counsel for Fortune confirmed that a reasonable written request for an extension would be considered. (*See* Miller Decl. at ¶ 29.) Ms. Rosen never sent such a request, even after Fortune's counsel followed up via email. (*See* Exhibit D to Miller Decl.)

The September 22 subpoena deadline passed with neither a response from iAfford nor a written extension request. (*See* Miller Decl. at ¶¶ 30-32.) Counsel for Plaintiff reached out to Ms. Rosen on September 26 to inquire about the outstanding discovery. (*See* Exhibit D to Miller Decl.) Later that day, a lawyer who has not entered an appearance in the case, John Giampolo, responded to say that iAfford would need to declare bankruptcy on October 9 if the restraining order is not withdrawn. (*See* Exhibit E to Miller Decl., September Email Correspondence Between J. Giampolo, C. Rosen and L. Miller.) This correspondence included a signed draft Chapter 11 bankruptcy petition for iAfford, dated for September 1, though it failed to attach any of the financial documents enumerated in the petition. (*See* Exhibit F, Draft Chapter 11 Petition, at Section 8.) The date of the petition indicates that iAfford should have collected the bulk of relevant financial documents well before Plaintiff served subpoenas, eliminating any argument of burden. (*Id.*) Mr. Giampolo also shared that iAfford would not provide financial information prior to October 9, and in fact conditioned the production of such information on withdrawal of the Notice of Restraint. (*See* Exhibit E to Miller Decl. (noting "if Plaintiff does not withdraw the restraining order by October 9, iAfford will file a petition for bankruptcy").) Even if Plaintiff

agreed to withdraw the Notice of Restraint, iAfford requested until October 13 to respond to the subpoenas, nearly a month from their issuance. (*Id.*) Mr. Giampolo framed his email as part of ongoing "settlement" conversations even though Plaintiff's claims were fully resolved through the offer of judgment his firm conveyed for iAfford. (*Id.*)

This sequence would have prevented Plaintiff from evaluating iAfford's asserted need to declare bankruptcy prior to withdrawing the Notice of Restraint, even though iAfford is required to compile financial information in association with any bankruptcy petition. (*See* Miller Decl. at ¶ 37.) Because removing the Notice of Restraint would have enabled iAfford to transfer funds elsewhere prior to satisfaction of the judgment, removal risked further prejudicing Plaintiff. (*Id.*) Counsel for Plaintiff accordingly responded on September 27 to decline the October 13 extension, to confirm that the Notice of Restraint would remain in place, and to reiterate its entitlement to responsive discovery. (Exhibit E to Miller Decl.) Counsel for Plaintiff also explained that Fortune would move to compel the discovery materials if not provided and that it reserved the right to seek sanctions. (*Id.*)

The next two days saw a series of escalating threats from Ms. Rosen and Mr. Giampolo. On September 28, Ms. Rosen emailed to say that instead of waiting until October 9, as initially stated by Mr. Giampolo, iAfford would file for Bankruptcy as soon as 12pm Eastern on Friday, September 29 if Plaintiff did not immediately agree to withdraw the Notice of Restraint. (*Id.*) Counsel for Fortune responded later that afternoon to propose a compromise in which Plaintiff would leave the Notice of Restraint in place but grant a discovery extension if iAfford would agree to delay filing for bankruptcy. (*Id.*) On September 29, Mr. Giampolo wrote to reject this proposal and again demanded that Plaintiff immediately remove the Notice of Restraint, stating that iAfford would file for Bankruptcy at 2pm that day. (*Id.*) Ms. Rosen also called and texted

6

counsel for iAfford regarding the 2pm deadline. (*See* Exhibit G to Miller Decl.) Because removing the Notice of Restraint without *any* access to financial information would create an undue risk to Plaintiff, counsel for Plaintiff again denied the request. (*See* Exhibit E to Miller Decl.) At 1:40pm, Ms. Rosen wrote to threaten a near-term bankruptcy filing, saying that iAfford would file for bankruptcy "within the hour" if an interim agreement was not reached. (*Id.*) This correspondence indicated that such an agreement would need to include removal of the Notice of Restraint and completely failed to address the outstanding discovery. (*Id.*) Counsel for Plaintiff wrote a final time to request production of the financial materials that must be included with a bankruptcy petition, but neither Mr. Rosen nor Mr. Giampolo responded. (*Id.*)

Despite the representations of counsel in multiple written emails, iAfford has not filed a petition for bankruptcy. (*See* Miller Decl. at ¶ 53.) Nor has iAfford produced financial materials in response to the post-judgment discovery requests. (*Id.* at ¶ 54) This motion followed.

## ARGUMENT

The applicable federal and state rules are unambiguous: iAfford must produce financial information in response to Plaintiff's duly served post-judgment discovery. The Court should therefore compel iAfford to respond and hold iAfford in contempt if it persists in refusing to do so. Moreover, the Parties' post-judgment communications reveal that counsel for iAfford assisted in, if not designed, iAfford's scheme to fraudulently induce Plaintiff to settle its meritorious civil rights claims in exchange for a sham offer of judgment. In the following months, iAfford's counsel has obstructed execution of judgment, evaded discovery, and manufactured false timelines to avoid compliance with the Notice of Restraint. This conduct warrants sanctions against Ms. Rosen and Mr. Giampolo who—at a minimum—should be ordered to pay the attorneys' fees and costs incurred by Plaintiff since entry of judgment.

## I.     iAfford Must Produce Financial Information

### A.     Standard for Post-Judgment Discovery

Federal Rule of Civil Procedure 69(a) provides that a party that obtains a money

judgment in a federal district court may enforce the judgment in accordance with "the procedure

of the state where the court is located." Fed. R. Civ. P. 69(a)(1); *see also Plaza Motors of*

*Brooklyn, Inc. v. Rivera*, No. 19-CV-6336, 2021 WL 4356011, at *2 (E.D.N.Y. Sept. 24, 2021);

*Soundkillers LLC v. Young Money Ent., LLC*, No. 14-CV-7980, 2016 WL 4990257, at *3

(S.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, No. 14-CV-7980 (KBF), 2016

WL 4926198 (S.D.N.Y. Sept. 15, 2016). Rule 69(a) further provides that a judgment creditor

may obtain discovery from the judgment debtor as provided in the Federal Rules of Civil

Procedure, "or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2);

*see also Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-CV-4132, 2015 WL 5190850, at *2 (E.D.N.Y.

Sept. 4, 2015).

"Under New York law, a judgment creditor can use an information subpoena to compel

disclosure of information relevant to a judgment debtor's satisfaction of the judgment."

*Soundkillers LLC*, 2016 WL 4990257, at *3 (citing N.Y.C.P.L.R. § 5223); *see also CAC of NY,*

*Inc.*, 2015 WL 5190850, at *2 (same). "Service of an information subpoena may be made by

registered or certified mail, return receipt requested," and "[a]nswers shall be made in writing

under oath by the person upon whom served[.]" N.Y. C.P.L.R. § 5224(a)(3). "If the recipient of

an information subpoena fails to respond within seven days, a court may order compliance."

*Plaza Motors of Brooklyn, Inc.*, 2021 WL 4356011, at *2 (citing N.Y. C.P.L.R. § 2308(b)(1));

*see also Vicedomini v. A.A. Luxury Limo Inc.*, No. 18-CV-7467 (LDH) (RLM), 2021 WL

620932, at *1 (E.D.N.Y. Feb. 17, 2021) (same). "'Failure to comply with the compelled

8

compliance may then give rise to contempt.'" *Soundkillers LLC*, 2016 WL 4990257, at *3 (quoting *AXA Equitable Life Ins. Co. v. Epstein*, 907 N.Y.S.2d 601, 603 (Sup. Ct. N.Y. Cnty. 2010)).

### B.   Plaintiff Is Entitled to the Requested Financial Information

The essential facts of this situation confirm Plaintiff's straightforward entitlement to post-judgment discovery: Plaintiff accepted an offer of judgment against iAfford that included a $500,000 payment; iAfford has failed to satisfy the judgment; to facilitate execution of judgment, Plaintiff properly served information and document subpoenas regarding iAfford's assets; and iAfford has failed to respond to the subpoenas. This Court should therefore order compliance with the subpoenas so that Plaintiff can identify iAfford's assets and move for turnover. *See Jones v. Milk River Cafe, LLC*, No. 17-CV-3120, 2022 WL 3300027, at *2 (E.D.N.Y. Aug. 11, 2022) (ordering judgment-debtor to comply with post-judgment subpoena when record showed that judgment-creditor properly served post-judgment subpoenas).

iAfford has offered no legitimate excuse for its noncompliance—iAfford's only response to date has been to say that it cannot provide responsive information until October 13, nearly a month after service of the subpoenas. An extension of this length to provide basic financial information is unreasonable under the circumstances for two reasons. First, Ms. Rosen and Mr. Giampolo assert that iAfford is in the process of evaluating the need for bankruptcy, and repeatedly stated that iAfford planned to file a petition last week. Based on the draft petition shared, which was dated September 1, iAfford had to assess its own financial condition weeks before Plaintiff served the subpoena. (*See* Exhibit F to Miller Decl.) Indeed, the bankruptcy petition shared by Mr. Giampolo calls for submission of many of the exact same documents that Plaintiff seeks. (*Id.*) iAfford should therefore have ready access to responsive materials, and

certainly cannot argue burden. It comes as no surprise, then, that counsel for iAfford has

presented *no reason* to justify its noncompliance. Second, iAfford's website indicates that it was

operating as usual throughout September, e.g., by accepting applications from prospective

tenants. (*See* Exhibit H to Miller Decl., Oct. 2 Screenshot of iAfford Website.) iAfford cannot

selectively operate for some purposes (regular business) but not others (compliance with the

subpoenas).[7]

Plaintiff has properly utilized the post-judgment mechanisms to discover iAfford's

financial condition, and iAfford has failed to comply. Accordingly, the Court should order

iAfford to produce documents and information responsive to Plaintiff's subpoena.

## II.    iAfford's Counsel Should Be Sanctioned

This Court has both inherent and statutory authority to impose sanctions against counsel.

*See Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 144 (2d Cir. 2012) (explaining that the

standard for sanctions is the same under both inherent authority and under 28 U.S.C. § 1927

except that the latter provides a remedy exclusively against counsel, whereas the former covers

both parties and their attorneys). Under both sources of authority, there are multiple grounds for

granting sections, two of which are relevant here. First, courts can award sanctions for vexatious

and bad-faith discovery conduct. Second, courts can award sanctions for fraud. Either ground is

alone sufficient to warrant sanctions, though both call for sanctions in this case: Counsel for

iAfford knowingly extended an unpayable offer of judgment for half a million dollars, causing

---

[7] A short extension for religious holidays would have been acceptable. For that reason, Plaintiff's
counsel proactively offered iAfford an extension that would have accounted for the two major
Jewish High Holidays that happened to coincide with the timing of the subpoenas, which was
dictated by the expiration of the automatic stay of judgment after 30 days. *See* Fed. R. Civ. P. 62.
And again, because iAfford purportedly prepared its bankruptcy filing weeks in advance,
producing materials would not have been burdensome.

Plaintiff to relinquish meritorious claims and has subsequently made repeated empty threats of bankruptcy in effort to subvert the post-judgment discovery process. This conduct has severely prejudiced Plaintiff and Plaintiff's counsel, who, at a minimum, should be compensated for their efforts to enforce the judgment against iAfford.[8] If ever there were an appropriate case for sanctioning counsel, it is this one.

      A.     <u>Counsel for iAfford Engaged in Bad-Faith, Vexatious Conduct</u>

Sanctions are appropriate for iAfford's counsel's vexatious conduct in the post-judgment proceedings. Courts impose sanctions "for conduct that abuses the judicial process" when a party or attorney acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (internal quotation marks and citations omitted) (upholding the assessment of attorney's fees as a sanction); *see also Huebner v. Midland Credit Mgmt., Ind.*, 897 F.3d 42, 55 (2d Cir. 2018) (quoting 28 U.S.C. § 1927) (internal quotation marks omitted) (awarding fees against counsel under § 1927 for unreasonably multiplying proceedings, among other misconduct). A court may award sanctions for vexatious conduct upon a showing of bad faith, defined as conduct that "(1) was entirely without color and (2) was motivated by improper purposes." *Salazar v. Bahche, Inc.*, No. 21-CIV-5257, 2023 WL 2349589, at *2 (E.D.N.Y. Mar. 3, 2023) (citing *Huebner*, 897 F.3d at 55). A court may infer bad faith if an attorney's "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Enmon*, 675 F.3d at 143 (quotation marks and citations omitted).

---

[8] If the Court grants Plaintiff's request for sanctions and awards post-judgment attorneys' fees, counsel for Plaintiff will submit a fee petition reflecting the hours expended up to and inclusive of that filing. For reference, counsel for Plaintiff's raw lodestar for the fees incurred since the August 18 call in which iAfford indicated it would not pay are currently approximately $34,500.

Ms. Rosen and Mr. Giampolo's post-judgment conduct has needlessly protracted and multiplied the proceedings. As explained above, this conduct includes: missing the original subpoena deadline, despite repeat outreach from Fortune's counsel; refusing to provide any responsive financial information despite presumably compiling the same as part of bankruptcy preparations[9]; attempting to use the threat of bankruptcy to strongarm Plaintiff into abandoning a duly issued Notice of Restraint; and sending a flurry of emails with artificially urgent timelines in what now appears to have been nothing more than a scare tactic. As a direct result of Ms. Rosen and Mr. Giampolo's conduct, counsel for Fortune has expended time and resources in attempting to vindicate Plaintiff's rights as a judgment-creditor, including with the instant motion.

For example, Ms. Rosen and Mr. Giampolo's multiplicative conduct goes well beyond the conduct that a magistrate judge for the Eastern District of New York found to be sanctionable in *Chen v. Thai Greenleaf Rest. Corp.*, No. 21-CV-1382, 2022 WL 18859066, at *3 (E.D.N.Y. Dec. 22, 2022), *report and recommendation adopted*, No. 21-CV-1382, 2023 WL 2731712 (E.D.N.Y. Mar. 31, 2023). In *Chen*, the court sanctioned an attorney and awarded fees for his conduct in unreasonably withdrawing his client's consent from an in-progress evidentiary hearing, causing the opposing party to incur costs related to preparation and participation. *Id.* at *6. Because the opposing party would not have incurred these costs if not for the attorney's "misleading representations"—as here with Plaintiff Fortune Society's post-judgment efforts— the court granted 100% of the attorneys' fees and costs expended by the opposing party in

---

[9] The only alternative is that iAfford's repeated threats of bankruptcy were not made in good faith, either because it had not truly assessed whether such a step was necessary or because it was intentionally attempting to force Plaintiff to abandon enforcement of the judgment with empty threats.

connection with the evidentiary hearing. *Id.* at *7-*8. As in *Chen*, Ms. Rosen and Mr. Giampolo have refused to produce plainly discoverable materials, which have caused Plaintiff to incur significant costs in attempting to enforce its judgment, including bringing the instant motion to compel.

Bad faith is also evident from this record. A judgment with monetary relief should be executed, and when a defendant fails to timely do that, post-judgment discovery is the natural consequence. The draft bankruptcy petition, dated September 1 (well before Plaintiff served its subpoenas and restraining notice), indicates that iAfford's counsel anticipated post-judgment proceedings. Yet rather than gathering the necessary materials, they have multiplied the proceedings to the detriment of Plaintiff and its counsel. iAfford's lawyers have articulated no legitimate excuse for their evasive behavior, which is entirely "without color." *Huebner*, 897 F.3d at 55. And the fact that iAfford has not yet filed for bankruptcy all but confirms that counsel's conduct was motivated by an improper purpose: just like iAfford defrauded Plaintiff to accept an unpayable offer, its counsel attempted to extort Plaintiff into abandoning the procedural tools available for enforcing a judgment. At a minimum, the delay attendant to counsel's conduct belies their bad faith, which is also inferable based on the totality of circumstances. *Enmon*, 675 F.3d at 143.

Even if the Court does not determine that iAfford and its counsel defrauded the Court, *see infra*, the post-discovery proceedings have been vexatious and improper. The Court should therefore award sanctions against iAfford's counsel, including the costs and fees expended by Fortune's counsel since entry of judgment.

B.     Counsel for iAfford Defrauded Plaintiff and the Court

A separate basis exists for sanctioning iAfford's counsel: its perpetration of fraud on the court.[10] *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 688 (S.D.N.Y. 2018). In determining whether a party has perpetrated a fraud on the court, courts in the Second Circuit consider: "(1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future." *McMunn v. Memorial Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 446 (S.D.N.Y. 2002) (ordering sanctions for fraudulent conduct); *see also Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 924 F. Supp. 2d 505, 508 (S.D.N.Y. 2013) (same).

All five factors favor sanctions. First, bad faith exists here because counsel for iAfford intentionally signed and extended an offer of judgment for $500,000 despite knowing that its client could not pay such an amount. It is apparent that Ms. Rosen made this offer to end the litigation or, put another way, to induce Plaintiff to relinquish its meritorious civil rights claims. Second, Plaintiff was prejudiced by this conduct because it will not be able to collect the judgment extended by Ms. Rosen. Third, Ms. Rosen's post-judgment communications reveal that her fraudulent conduct was not an isolated error of judgment but rather part and parcel of a broader pattern of misconduct. Fourth, the misconduct has not been corrected: the judgment has not been paid, and as explained above, counsel's subsequent conduct has exacerbated the harm,

---

[10] The Court could also award sanctions against iAfford for its fraudulent conduct related to the offer of judgment, though if the solvency issues are real, then at least monetary sanctions would be unlikely to have a meaningful impact.

At this point, sanctions are the only recourse available.[11] Fifth and finally, because Ms. Rosen is

an active attorney in New York who regularly represents defendants in civil rights disputes—*see,

e.g.*, Rosen, Cori, "Human Rights Violations Are Not Always About Bad Intentions," The Real

Deal, May 2023—this misconduct is likely to continue in the future. This risk is underscored by

Ms. Rosen's apparent belief that a knowing misrepresentation in an offer of judgment is

acceptable, which was made plain by her email asserting that a Rule 68 offer is not a

representation of collectability.

In sum, Ms. Rosen's active participation in and facilitation of iAfford's manipulation of

the settlement proceedings is precisely the type of misconduct by counsel that demands sanctions

for defrauding the court. *See, e.g.*, *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 222

(2d Cir. 2003) (submission of fraudulent documents, including a fraudulent invoice, is

sanctionable under section 1927), *abrogated on other grounds*, *4 Pillar Dynasty LLC v. New

York & Company, Inc.*, 933 F.3d 202 (2d Cir. 2019). The Court should order Ms. Rosen to pay

sanctions, both to hold Ms. Rosen accountable and to deter other litigants from engaging in a

similar misuse of the procedural tools available to litigants.

### III.   New York Law Separately Authorizes Fees for Efforts to Secure Compliance with Subpoenas

The Court should sanction iAfford's counsel but, if it for some reason declines to do so,

New York law separately provides for attorneys' fees for efforts to compel compliance with

post-judgment subpoenas. A subpoenaed party that fails to answer a subpoena is liable to the

issuing party for up to $50.00 in costs, $50.00 as a penalty, and damages sustained by reason of

---

[11] Plaintiff does not seek to unwind the offer of judgment because that would only exacerbate the harm by eliminating the prospective injunctive relief, which is necessary to prevent future misconduct by iAfford. Unwinding the judgment would also wrongly impose additional fees and costs on Plaintiff to litigate its claims against a potentially judgment-proof defendant.

the failure to comply. N.Y. C.P.L.R. § 2308(b)(1). Damages include reasonable attorneys' fees incurred in enforcing the information subpoena and making a motion to compel. *See First Capital Estate Invs., LLC v. SDDCO Brokerage Advisors, LLC*, No. 07 Civ. 11121, 2020 WL 353100, at *4 (S.D.N.Y. January 21, 2020) (Finding that judgment debtor's unexplained failure to answer the information subpoena warrants an award of the reasonable attorney's fees incurred in connection with the motion to compel); *Comverse, Inc. v. Am. Telecoms., Inc.*, No. 07 Civ. 11121, 2009 WL 464446, (S.D.N.Y. Feb. 24, 2009) (awarding plaintiff attorneys' fees incurred in bringing a motion to compel compliance with an information subpoena.). If the Court does not award fees against counsel for iAfford, then it should award fees against iAfford itself for its refusal to comply with the post-judgment subpoenas.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order iAfford to comply with the September 15 subpoenas within 10 days and impose sanctions against counsel for iAfford.


Dated: October 4, 2023

Respectfully submitted,
/s/ Lila Miller
John Relman*
Lila Miller*
Valerie Comenencia Ortiz*
Emily Curran*
Edward K. Olds (Bar No. #5685946)
RELMAN COLFAX PLLC
1225 19th St., NW, Suite 600
Washington, D.C. 20036
Tel: 202-728-1888
Fax: 202-728-0848
jrelman@relmanlaw.com
lmiller@relmanlaw.com
vcomenenciaortiz@relmanlaw.com
ecurran@relmanlaw.com

tolds@relmanlaw.com
*Attorneys for Plaintiff*

* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2023, a copy of the foregoing Memorandum of Law in Support of Plaintiff's Expedited Motion to Compel Post-Judgment Discovery and for Sanctions Against Counsel for IAfford was filed and served electronically on all counsel of record using the Court's CM/ECF system.

/s/ Lila Miller
Lila Miller

*Counsel for Plaintiff*