# EXHIBIT E

**Lila Miller**

| | |
|---|---|
| **From:** | Rosen, Cori A. <crosen@rosenbergestis.com> |
| **Sent:** | Friday, September 29, 2023 1:39 PM |
| **To:** | Lila Miller; Giampolo, John |
| **Cc:** | Valerie Comenencia Ortiz; Emily Curran |
| **Subject:** | RE: [EXTERNAL] RE: The Fortune Society v. iAfford: Post-Judgment Discovery /FRE 408 Confidential Settlement Communication |

Lila:

Our position has not changed.  However, we are trying to come up with a flexible way for the business to function and generate income.  If unable to pay operating expenses, such as payroll, rent, etc., there will be no money coming into the business, and iAfford will be not able to satisfy any portion of the judgment beyond what is presently in its bank account.  Satisfaction of the judgment, in whole or in part, will certainly be preferable outside of a reorganization.  My client would prefer to not file for bankruptcy, particularly over Sukkot.  That being said, if we cannot come to an interim agreement, the bankruptcy will be filed in the next hour.

Cori

**Cori A. Rosen**



T: +1 (212) 551-8401
crosen@rosenbergestis.com
733 Third Avenue, New York, NY 10017







**From:** Lila Miller <lmiller@relmanlaw.com>
**Sent:** Friday, September 29, 2023 1:18 PM
**To:** Giampolo, John <jgiampolo@rosenbergestis.com>
**Cc:** Rosen, Cori A. <crosen@rosenbergestis.com>; Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** RE: [EXTERNAL] RE: The Fortune Society v. iAfford: Post-Judgment Discovery /FRE 408 Confidential Settlement Communication

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

John and Cori,

We cannot in good faith modify the restraining notice under these circumstances, where Defendant's position has repeatedly changed over the course of this week, where we have an actual judgment (not ongoing settlement

conversations), and where we are plainly entitled to the materials sought in the subpoenas. We renew our request that iAfford provide responsive materials, as the Federal Rules and applicable New York laws require it to do.

Lila

Lila Miller
Pronouns: she/her/hers
**Relman Colfax PLLC**
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036-2456
(P) 202.728.1888
E-mail: lmiller@relmanlaw.com
Web: www.relmanlaw.com
(Licensed in California, New York, and the District of Columbia)



NOTICE:
The contents of this email and any attachments to it contain confidential or legally privileged information from the law firm of Relman Colfax PLLC. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.

---

**From:** Giampolo, John <jgiampolo@rosenbergestis.com>
**Sent:** Friday, September 29, 2023 11:50 AM
**To:** Lila Miller <lmiller@relmanlaw.com>
**Cc:** Rosen, Cori A. <crosen@rosenbergestis.com>; Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** Re: [EXTERNAL] RE: The Fortune Society v. iAfford: Post-Judgment Discovery /FRE 408 Confidential Settlement Communication

Lila, we appreciate your response. As I said in my prior email, in order for iAfford NY LLC to hold off on filing bankruptcy, Fortune must immediately withdraw its restraining notice which is impeding iAfford from operating to preserve itself as a going concern. Then we can continue settlement talks and discovery. Given the financial and time constraints, you have until 2pm ET to reply agreeing on behalf of Fortune that either: (i) the restraining notice is withdraw without prejudice, or (ii) the restraining notice is modified to allow iAfford to make only those transfers required for it to operate in the ordinary course of its business (paying its employee payroll, critical service providers, operating expenses).

Please confirm by 2pm today.

**John Giampolo**

 T: +1 (212) 551-1273
jgiampolo@rosenbergestis.com
733 Third Avenue, New York, NY 10017





On Sep 28, 2023, at 4:50 PM, Lila Miller <lmiller@relmanlaw.com> wrote:

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Cori,

Your email suggests that Plaintiff could "(i) withdraw the restraining notice, ***and/or*** (ii) agree to" extend the subpoena deadline, which elapsed on September 22. If the disjunctive use of "or" was intentional, then we may have a path forward: We will agree to October 11 for the provision of responsive materials if iAfford will agree in writing to delay any bankruptcy petition until a mutually-agreeable date certain after that point, but we cannot withdraw the restraining notice prior to receipt of responsive financial information. Please let me know by 12pm tomorrow whether this is acceptable, and we can discuss a petition date.

Otherwise, because it has now arisen on at least two occasions, I will correct the inaccurate characterization that Plaintiff wanted a judgment solely for precedential purposes. I assume that this is based on second- or third-hand knowledge of statements to Judge Bulsara, but, to be clear: Plaintiff sought to be made whole via litigation. Fortune sought monetary damages in the complaint and substantiated the harm through discovery. We stated in writing that we would not attend a settlement conference that did not include monetary relief and attorneys' fees. (See my May 3 letter to iAfford's prior counsel, which was shared with the Court on June 23.) At the first settlement conference, when Judge Bulsara noted the risk that we might prosecute the case through trial, win, and find that iAfford declared bankruptcy, we responded that although that was not our desired outcome, if a discrimination verdict put a defendant out of business, it would still have a useful deterrent effect. We also noted that we were unable to assess iAfford's financial situation, as iAfford had refused to provide discovery on its financial status. Moreover, although this is stating the obvious, the materiality of the monetary relief is made plain by the fact that Fortune Society rejected multiple offers from iAfford because they were inadequate, including an offer for the same amount ($500k) to be paid out in installments. We of course do not take bankruptcy lightly, but iAfford finds itself in this position as a direct result of making an offer of judgment while knowing that a central term was an impossibility.

Thank you,
Lila


Lila Miller
Pronouns: she/her/hers
**Relman Colfax PLLC**
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036-2456
(P) 202.728.1888
E-mail: lmiller@relmanlaw.com
Web: www.relmanlaw.com
(Licensed in California, New York, and the District of Columbia)



NOTICE:
The contents of this email and any attachments to it contain confidential or legally privileged information from the law firm of Relman Colfax PLLC. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.

**From:** Rosen, Cori A. <crosen@rosenbergestis.com>
**Sent:** Thursday, September 28, 2023 3:05 PM
**To:** Lila Miller <lmiller@relmanlaw.com>; Giampolo, John <jgiampolo@rosenbergestis.com>
**Cc:** Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** RE: The Fortune Society v. iAfford: Post-Judgment Discovery /FRE 408 Confidential Settlement Communication

Lila,

I am surprised by the tenor of your email. As you have been repeatedly advised by my office, and, I believe, in the past by Nixon, iAfford is a new company that has just begun to gain traction; a mid-six figure judgment would likely result in the business shuttering its doors. Your response to this, in each instance, was that your client wanted a judgment for precedent purposes, and that it did not care if said judgment put iAfford out of business. iAfford did not offer the judgment on false pretenses. The same was offered to resolve the case without continued waste of legal resources, while taking into account the quantifiable damages claimed by your office at the time the offer of judgment was made.

While iAfford would prefer to resolve this amicably, your refusal to (i) withdraw the restraining notice, and/or (ii) agree to a reasonable extension of the September 29, 2023 deadline until after the Sukkot holiday, prevents iAfford from continuing to operate and generate revenue to satisfy its obligations, including the judgment entered. If we cannot discuss a way to resolve the judgment, whether by installment schedule or otherwise, iAfford has no choice but to file for reorganization, as previously advised. John and I are happy to discuss further.

Please advise if your position has changed so that we can schedule a time to discuss. If we do not hear from you by tomorrow, September 29, at 12:00 p.m., we will proceed with filing the petition.

Cori

**Cori A. Rosen**


    

T: +1 (212) 551-8401
crosen@rosenbergestis.com
733 Third Avenue, New York, NY 10017



4

**From:** Lila Miller <lmiller@relmanlaw.com>
**Sent:** Wednesday, September 27, 2023 4:25 PM
**To:** Rosen, Cori A. <crosen@rosenbergestis.com>; Giampolo, John <jgiampolo@rosenbergestis.com>
**Cc:** Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** [EXTERNAL] RE: The Fortune Society v. iAfford: Post-Judgment Discovery /FRE 408 Confidential Settlement Communication

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Your request for an extension to October 9 is unreasonable under the circumstances you describe. We are willing to extend the deadline to this Friday, as contemplated in my original email. Assuming that iAfford's assets are as represented in the petition you shared, gathering responsive information should not be particularly onerous. If we do not receive responsive materials this week, we will file an emergency motion to compel. Moreover, the petition confirms that iAfford and its counsel have long known that iAfford would not be able to satisfy the judgment offered. We reserve the right to seek sanctions against iAfford and its counsel for this fraudulent conduct, both under the court's inherent authority and pursuant to 28 U.S.C. § 1927.

Cori, if you would like to speak at 5pm, I will send around a dial-in.

Thanks,
Lila

Lila Miller
Pronouns: she/her/hers
**Relman Colfax PLLC**
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036-2456
(P) 202.728.1888
E-mail: lmiller@relmanlaw.com
Web: www.relmanlaw.com
(Licensed in California, New York, and the District of Columbia)

<image001.jpg>

NOTICE:
The contents of this email and any attachments to it contain confidential or legally privileged information from the law firm of Relman Colfax PLLC. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.

**From:** Rosen, Cori A. <crosen@rosenbergestis.com>
**Sent:** Wednesday, September 27, 2023 1:33 PM
**To:** Giampolo, John <jgiampolo@rosenbergestis.com>; Lila Miller <lmiller@relmanlaw.com>
**Cc:** Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** RE: The Fortune Society v. iAfford: Post-Judgment Discovery /FRE 408 Confidential Settlement Communication

Lila:

Can we hop on a call to discuss this afternoon?

Cori

**Cori A. Rosen**



T: +1 (212) 551-8401
crosen@rosenbergestis.com
733 Third Avenue, New York, NY 10017

   



**From:** Giampolo, John <jgiampolo@rosenbergestis.com>
**Sent:** Tuesday, September 26, 2023 4:04 PM
**To:** lmiller@relmanlaw.com
**Cc:** Rosen, Cori A. <crosen@rosenbergestis.com>; vcomenenciaortiz@relmanlaw.com; Emily Curran <ecurran@relmanlaw.com>
**Subject:** RE: The Fortune Society v. iAfford: Post-Judgment Discovery /FRE 408 Confidential Settlement Communication

Counsel:

My client, iAfford, NY LLC ("iAfford") received your attached subpoena along with the restraining notice pursuant to Civil Practice 5222b. My client would prefer to produce information in response to the subpoena and continue talks for settlement of your client's judgment claim. However, complying with the restraining notice demanded in the attached will make it impossible for iAfford to continue as a going concern and thus impossible to make meaningful payments to resolve your client's judgment. If your client does not withdraw the restraining notice by October 9, 2023, iAfford will have no choice but to file the attached Chapter 11 bankruptcy petition, in which case your client's judgment will be just one of many unsecured nonpriority claims likely to receive much less recovery than your client would if we reached settlement outside of bankruptcy. If your client will kindly withdraw the restraining notice without prejudice, iAfford will continue settlement talks and produce information and documents in response to your subpoena subject to the extension needed below.

I understand you discussed with Cori that the post-judgment discovery was served on Rosh Hashana and principals of our client were unavailable to discuss the same.  Further, with the holidays of Yom Kippur, Sukkot, and Simchat Torah, principals of our client will be largely unreachable through October 8, 2023, only returning to the office on October 9, 2023.  Given the foregoing, we request an extension of time to respond to the post-judgment discovery through

Friday October 13, 2023. We appreciate your understanding and hope we can resolve this matter.

Regards,
John Giampolo

**John Giampolo**



T: +1 (212) 551-1273
jgiampolo@rosenbergestis.com
733 Third Avenue, New York, NY 10017





**From:** Lila Miller <lmiller@relmanlaw.com>
**Sent:** Tuesday, September 26, 2023 2:18 PM
**To:** Rosen, Cori A. <crosen@rosenbergestis.com>
**Cc:** Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** [EXTERNAL] RE: The Fortune Society v. iAfford: Post-Judgment Discovery

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Cori,

I write in follow up to the below. Although you indicated that you would be sending a written extension request for my client's consideration when we spoke by phone on September 15, we never received such a request. The subpoenas we served on September 15 have therefore already come due, and iAfford has failed to timely respond. Please confirm that the requested documents and information will be forthcoming by the end of this week.

We note that we reserve our right to seek fees and sanctions from you and your client for needlessly protracting the post-judgment proceedings to the detriment of all parties. We also note that the restraint on iAfford's assets has been in effect since it was served on September 15, regardless of any delay on the documents and information.

Thank you,
Lila

Lila Miller
Pronouns: she/her/hers
**Relman Colfax PLLC**
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036-2456
(P) 202.728.1888
E-mail: lmiller@relmanlaw.com

7

Web: www.relmanlaw.com
(Licensed in California, New York, and the District of Columbia)

<image001.jpg>

NOTICE:
The contents of this email and any attachments to it contain confidential or legally privileged information from the law firm of Relman Colfax PLLC. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.

---

**From:** Lila Miller
**Sent:** Monday, September 18, 2023 7:39 PM
**To:** Rosen, Cori A. <crosen@rosenbergestis.com>
**Cc:** Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** RE: The Fortune Society v. iAfford: Post-Judgment Discovery

Hi Cori,

I'm writing in follow up to our call on Friday. As discussed, we will consider a reasonable extension request if we receive one in writing, though we note our concern about protracting the post-judgment discovery proceedings to the detriment of Plaintiff and Defendant alike.

Thanks,
Lila

Lila Miller
Pronouns: she/her/hers
**Relman Colfax PLLC**
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036-2456
(P) 202.728.1888
E-mail: lmiller@relmanlaw.com
Web: www.relmanlaw.com
(Licensed in California, New York, and the District of Columbia)

<image001.jpg>

NOTICE:
The contents of this email and any attachments to it contain confidential or legally privileged information from the law firm of Relman Colfax PLLC. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.

---

**From:** Lila Miller
**Sent:** Friday, September 15, 2023 12:21 PM
**To:** Rosen, Cori A. <crosen@rosenbergestis.com>
**Cc:** Valerie Comenencia Ortiz <vcomenenciaortiz@relmanlaw.com>; Emily Curran <ecurran@relmanlaw.com>
**Subject:** The Fortune Society v. iAfford: Post-Judgment Discovery

Hi Cori,

Attached please find a Notice of Restraint and Subpoenas, which we sent to iAfford today consistent with applicable law and rules. The timeline to respond is presumptively seven days. If your client agrees

to provide full and complete responses to the information and document requests, as opposed to objections, we will consider an extension of that by an additional seven days (resulting in 14 days total to respond). Note that the restraint is in effect regardless of any extension on the subpoena response time.

Thank you,
Lila

Lila Miller
Pronouns: she/her/hers
**Relman Colfax PLLC**
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036-2456
(P) 202.728.1888
E-mail: lmiller@relmanlaw.com
Web: www.relmanlaw.com
(Licensed in California, New York, and the District of Columbia)

<image001.jpg>

NOTICE:
The contents of this email and any attachments to it contain confidential or legally privileged information from the law firm of Relman Colfax PLLC. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please delete it and notify us immediately.

Important Notice: Always independently confirm wiring instructions in person or via a telephone call to a trusted and verified phone number.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*